UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:24-cv-2803 DC AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| YOLO COUNTY MAYOR, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, has filed a complaint for relief under various state and federal statutes.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

---

[1] Although plaintiff was in the custody at the Napa State Hospital when he filed the complaint, attachments to the complaint allege that he was being held there on a "falsified Sell order" (ECF No. 1 at 28-35), which appears to be a reference to Sell v. United States, 539 U.S. 166 (2003). Sell addressed the government's ability to involuntarily medicate a criminal defendant in order to render him competent to stand trial. Plaintiff's indication that he was subject to a Sell order and subsequent address change showing he was transferred to a county jail facility (ECF No. 5), indicate that he was a pretrial detainee at the time of filing.

1

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

2

Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.     Complaint

Plaintiff alleges that Jessie Salinas and Kristina Hunt, both employees at the Yolo County Clerk-Recorder's Office, along with the Yolo County mayor and numerous Doe defendants from various Yolo County agencies, conspired to and did illegally wiretap and murder his parent, grandparent, aunts, and uncles and then forged estate documents and refused to provide them to plaintiff in an effort deprive him of property he inherited from those family members. ECF No. 1. Plaintiff alleges that between 1961 and 2015, his family members were subject to illegal wiretaps and drone surveillance and when their homes were burglarized to place the illegal wiretaps defendants also left poisonous spiders and snakes in order to cause their deaths. Id. at 11, 15-16. The coroner and sheriff's offices then covered up the murders and the clerk-recorder's office forged various estate documents in order to steal the property that had been left to plaintiff. Id. at 3-7, 13, 16, 18. Plaintiff knows that the documents have been forged or altered because he saw his family members execute documents naming him as the sole successor while they were alive. Id. at 17. On September 20, 2024, petitioner sent a request to Hunt and Salinas requesting all records showing they had left various properties to plaintiff but his access to these documents has been obstructed. Id. at 18-20. Attached to the complaint is a letter from Hunt on Yolo County Clerk-Recorder's Office letterhead stating that as a courtesy an indices search had been conducted for the deeds plaintiff requested, but staFf were unable to find any that matched his request and that the office does not file record wills, codicils, or trust documents. Id. at 27. The letter further stated that it was recommended that plaintiff conduct his own search of the records. Id.

The complaint fails to present plausible factual allegations or legally coherent theories of liability establishing a claim for relief and the allegations contained therein are clearly fantastical. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'

3

As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations omitted). The facts alleged by plaintiff are patently incredible, and the complaint must therefore be dismissed.

### III.  No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, both the complaint fails to state a claim upon which relief may be granted. The contents of the complaint are sufficiently fantastical that it is clear that leave to amend would not result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

### IV.  Motions for Discovery

Plaintiff has filed several motions for discovery. ECF Nos. 6-8. In light of the recommendation that this action be dismissed, the motions will be denied.

### V.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

### CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5